Argued June 13; permanent disbarment ordered June 18, 1940

Ex parte HARCOMBE

(103 P. (2d) 301)

Department 2.

*Howard M. Brownell*, of Eugene, for petitioner.

*Lawrence N. Brown*, of Salem, for Oregon State Bar.

BAILEY, J. On October 14, 1938, William W. Harcombe was indicted by the grand jury of the state of Oregon for Lane county for the crime of knowingly uttering and publishing a forged endorsement on a bank check for $800. Thereafter he was tried and upon a verdict of guilty was, on December 28, 1938, sentenced to serve a term of not to exceed two years and six months in the Oregon state penitentiary. No appeal was taken, and the judgment has not in any way been set aside or modified.

In January, 1939, a complaint against Harcombe was filed by the board of governors of Oregon State Bar, setting forth that Harcombe was an attorney duly admitted to practice law in this state and that he had

been convicted of a crime involving moral turpitude, and asking that he be permanently disbarred on the ground of such conviction. After a hearing before a trial committee of Oregon State Bar that committee recommended to the board of governors, and that board has recommended to this court, that the accused be permanently disbarred. A petition asking that this court review the recommendation of the board of governors has been filed and oral arguments thereon had.

Section 32-502, Oregon Code 1930, provides in part as follows:

"An attorney may be removed or suspended by the supreme court for either of the following causes, arising after his admission to practice:—

"1. Upon his being convicted of any felony or of a misdemeanor involving moral turpitude, in either of which cases the record of his conviction is conclusive evidence."

It is conceded by counsel for the accused that the record in the criminal case is conclusive evidence of the guilt of the accused, but this court is asked to review the testimony introduced in the criminal case, a transcript of which was submitted to the trial committee and is before us, for the purpose of determining whether the accused should be permanently disbarred or temporarily suspended from the practice of law.

We do not find in the record of the criminal proceeding or in the record made before the trial committee any extenuating circumstance which would justify this court in not following the recommendation of both the trial committee and the board of governors. It is therefore ordered that William W. Harcombe be permanently disbarred from the practice of law in the state of Oregon.

RAND, C. J., and ROSSMAN and LUSK, JJ., concur.